Avery v. Morrison.

---

JOSEPH AVERY JR. *et al.* v. GEORGE W. MORRISON.

CONTRACT — *Specific Performance, Not Avoided.* A party who, upon the consideration of a promissory note and a mare, has entered into a written contract for the conveyance of certain real estate, cannot avoid the specific performance of such contract by destroying the note and attempting to return the mare.

*Error from Chautauqua District Court.*

ACTION to compel the specific performance of a written contract for the conveyance of certain real eastate. Judgment for the plaintiff *Morrison*, at the June term, 1886. The defendants *Avery* and three others, bring the case here. The opinion states the material facts.

*John W. Shartel,* for plaintiffs in error.
*J. D. McBrian,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by George W. Morrison in the district court of Chautauqua county, against Joseph Avery jr. and wife, Sarah Avery, and Joseph Avery sr. and wife, Dorothy Avery, to compel the specific performance of a certain written contract for the conveyance of certain real estate. It appears that originally the real estate belonged to Joseph Avery jr., and that by a written contract executed by himself and wife they agreed to convey

such real estate to George W. Morrison, upon the considera-
tion of Morrison's selling and delivering to them a certain
mare, and executing and delivering to them a promissory note
for $75, due in twelve months, and assuming the payment of
a certain mortgage on the property for $700. Morrison per-
formed all the provisions of the contract on his part. After-
ward Joseph Avery jr. wished to rescind the contract, and in
the absence and without the knowledge of Morrison, turned
the mare into a pasture of Morrison's tenant, and then brought
the note back to Morrison and asked Morrison to receive the
same and to rescind the contract, which Morrison refused.
Avery then tore the note up and destroyed the same. After-
ward he and his wife conveyed the property to his father,
Joseph Avery sr., his father at the time having full notice
of Morrison's rights. Morrison then commenced this action
to compel the parties to execute a deed of conveyance to him
for the property — subject, however, to the $700 mortgage.
The answer was a general denial, not verified. The case was
tried before the court without a jury, and the court made
special findings of fact and conclusions of law, and rendered
judgment in favor of the plaintiff and against the defendants;
and to reverse this judgment the defendants, as plaintiffs in
error, bring the case to this court.

The only claim of error urged in this court is that the court
below rendered judgment in favor of the plaintiff below, and
against the defendants below, notwithstanding the fact that
the aforesaid promissory note had been destroyed, and the
mare turned into the tenant's pasture. Now these things are
no defense to the plaintiff's action. The plaintiff is not re-
sponsible for what the defendants did with either the note
or the mare. Besides, the destruction of the note did not ex-
tinguish the debt of the plaintiff to the defendants. The
debt still existed just as much after the destruction of the note
as it did before, and the owner of the debt could still recover
the same from Morrison when it became due. And the de-
fendants did not lose any property in the mare by turning
the same into the plaintiff's tenant's pasture. They still

owned the mare; and the plaintiff did not have any interest in her.

The judgment of the court below will be affirmed.

All the Justices concurring.